# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-51192
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGELIO LOPEZ-FRAUSTO, also known as Rogelio Lopez-Frousta,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1447-ALL

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rogelio Lopez-Frausto (Lopez) appeals the 57-month sentence he received following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He argues that the sentence is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a) and specifically asserts that, in light of *Kimbrough v. United States*, 128 S. Ct. 558 (2007), the presumption of reasonableness does not apply to his within-guidelines sentence because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 2L1.2, the guideline provision applicable to violations of § 1326, is flawed in that it is not supported by "empirical data and national experience." Lopez additionally contends that the Sentencing Guidelines produce unwarranted sentencing disparities because of the random availability of "fast track" programs.

This court has consistently rejected Lopez's "empirical data" argument, concluding that *Kimbrough* does not question the presumption of reasonableness and does not require district or appellate courts to independently analyze the empirical grounding behind each individual guideline. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099). Lopez has not rebutted the presumption that the district court sentenced him to a reasonable, properly calculated within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006).

As Lopez concedes, the argument that his sentence was unreasonable because it resulted in an unwarranted disparity between defendants to whom the "fast track" program is available and those to whom it is not available is foreclosed by current circuit precedent. *United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Accordingly, this court need not consider it further.

The judgment of the district court is AFFIRMED.